Totten, J.,
delivered the opinion of the court.
The case is a motion to correct a supposed mistake in the record of a verdict between these parties — the Circuit Court ordered the correction to be made, and defendant has appealed in error to this Court.
The facts are these : at the October Term 1849, of the Circuit Court of Cannon, there was a verdict entered of record for the plaintiff against said defendant for $121 40, debt, and $10 87, damages, and judgment final thereon. At the June Term 1850, before Anderson, J., the plaintiff moved the Court to correct said verdict, as having been entered by mistake for less than the true amount. To support this motion a memorandum on the Court docket, in the hand-writing of Judge Marchbanks, before whom the cause was tried, was produced and proved to be in his hand-writing, in which the verdict is stated to be $210 56, debt, and $10 87, for damages. The clerk and another witness stated, that the verdict was according to the judge’s note of it; and the clerk states, that by mistake, it was entered for less. The defendant objected to this proof, but it was admitted as competent, and it was ordered that the record of the verdict be corrected accordingly.
■ We think, that the action of the Court in this matter, was entirely erroneous.
If it were competent to show the alledged mistake by proof, extrinsic of the record, we should regard the proof adduced as insufficient to establish that fact.
Certainly, the Judge, before whom the cause was tried, and who it is said made a note of the verdict that was rendered *178 before him, should be deemed the best evidence to verify the truth and correctness of his notes, and to establish the mistake in the verdict, if it existed. But the memoranda of the Judge, on his docket as it is called, are merely to aid his memory in the trial, and disposition of causes, and in making up his records, and have no legal consequence or sanctity whatever.
Where the records of the Court are made up, corrected, approved and signed, as required by law, for - which purpose they are in the power of the Court only during the same term at which they are made, they not only afford the most satisfactory and reliable evidence of the action of the Court — of its orders, verdicts and judgments; but they afford the only legal and proper evidence of its action.
To permit them to be contradicted and falsified by parol and extrinsic proof, arid to be altered and corrected under such proof, would be to destroy their- value, and to change their character; they would cease to be reliable, and permanent records of truth, upon which the rights of parties, interested in them, might rest in security.
The cases referred to, afford no authority for the action of the Court in the present case. In Farris vs. Fitzpatrick, 1 Hum. Rep. 379, the judgment of the Court was amended by-inspection of the record, from which it appeared, that a mistake had been made by the clerk in entering the judgment.
In Crutchfield vs. Stewart, 1 Hum. Rep. 381, the judgment was corrected by the written opinion filed amongst the records of the Court, as required by law.
The Court had great hesitation in granting this amendment, and the subject was' extensively considered upon the English and American cases. It was finally considered that the improper judgment entered by the -misprision of the clerk, might be corrected by the written opinion, that being in the nature of a record, filed and preserved amongst the records of *179 the Court, as required by law. The general rule is, that a judgment or decree, can only be amended by the record or some matter in the nature of a record, and having the verity of a record. The judgments of a Court may, however, “be vacated and set aside, if they have been obtained by fraud, inevitable accident, or surprise, when the party seeking to set them aside, is in no default himself.” Bank of Tennessee, vs. Patterson, 8 Hum. Rep. 368.
So, a judgment or decree, may be impeached by proof, that it was void ah initio, as where the Court had no jurisdiction of the subject, or that the party made liable, had no notice to defend against it.
But these principles do not aid the action of the Court in the present case.
The case assumes, that it had been fairly tried and a true-verdict rendered, but that the record of the verdict is erroneous. Parol proof is offered to contradict the record, and to show that the verdict was for a greater sum than that stated in it.
The verdict, as recorded, should be regarded as the higher and more conclusive evidence of the fact in question.
Judgment reversed.